UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA, et al.,

      Plaintiffs,                                      No. 1:79-cv-988-LJV

      -v-

HOOKER CHEMICAL CORP., et al.,

      Defendants.

_____

**STATUS REPORT**

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), hereby submits an updated status report in the above-captioned case, as previously directed by the Court. This status report updates the prior status reports filed by Plaintiff on July 1, 2019 (Doc. 349), September 27, 2019 (Doc. 353), January 28, 2020 (Doc. 355), May 29, 2020 (Doc. 357), December 14, 2020 (Doc. 359), and June 14, 2021 (Doc. 361).

EPA and the New York Department of Environmental Conservation ("DEC") have been evaluating a proposal made by Occidental Chemical Corp. ("OCC") to use extraction of dense non-aqueous phase liquids ("DNAPL") from the contaminated groundwater plume associated with the Superfund site that is the subject of this case as an alternative to placement of a grout curtain to contain DNAPL migration from the site, which was a component of the original remedy to be implemented in this case. It had been decided and agreed by all parties that a pump test was necessary to provide answers to certain remaining questions raised by EPA and DEC regarding OCC's extraction proposal.

After several delays, the pump test was performed by OCC's environmental contractor in April 2020. A complete Migration Evaluation Report ("***Revised Effectiveness Evaluation***

***Shallow Bedrock NAPL Recovery System, Hooker S-Area Landfill, Niagara Falls, New York***") containing data, findings, and conclusions was ultimately received by EPA and DEC in its final form on December 3, 2020, as reported in the previous Status Reports filed with the Court in this matter. As reported in the Status Report submitted on June 14, 2021, this Migration Evaluation Report underwent a thorough review and analysis by EPA's Office of Research and Development and its Regional Technical Support Geologist. Based on this review and analysis, it was determined by EPA and DEC that additional field work would be needed to make a determination that the DNAPL extraction remediation being conducted by OCC is adequately and effectively controlling the migration of the site contamination under the Niagara River without the need for construction of the grout curtain called for in the Stipulation Agreement entered in this case.

      EPA and NYSDEC initially provided their detailed findings to OCC in May 2021. Necessary monitoring of subsurface site conditions had been reduced due to the conversion of some monitoring wells to extraction wells, diminishing the ability to understand how well the extraction system is working. EPA and NYSDEC found that the understanding of DNAPL flow at the site as presented by OCC in the Migration Evaluation Report is incomplete, and that the loss of the information previously provided by these converted wells is one reason for this incomplete understanding. EPA and NYSDEC determined that some of the converted monitoring wells need to be replaced by new monitoring wells before the agencies can adequately determine whether the site DNAPL no longer migrates from the S-Area facility.

      On August 26, 2021, representatives of EPA and NYSDEC met with OCC to further discuss their findings and to determine whether OCC would be willing to perform the necessary additional work. This additional work would include the installation of an approved additional

array of monitoring wells to fill data gaps, improve monitoring, and supplement past calculations. Following the monitoring well installation, a step-down pumping test would be required to determine the effects of the pumping across the more extensive monitoring network.

OCC has agreed to perform the additional work. EPA and NYSDEC are currently awaiting OCC to provide a schedule for the submission of a work plan to install the additional monitoring wells. It is expected that the additional work and evaluation will take a year or two to complete. If the grout curtain is determined to be needed, that would likely involve an additional year to complete, at a minimum.

As indicated in the previous status reports, this issue may well be resolved without the need for judicial involvement, but a need for the Court's involvement cannot be ruled out entirely. Given the nature of the current unresolved issue regarding DNAPL migration, the Court may desire to keep this case open at present.

Respectfully submitted this 17th day of December, 2021.

_s/ Steven A. Keller_
U.S. Department of Justice
Environmental Enforcement Section/ENRD
P.O. Box 7611
Washington, DC 20044
(202) 532-3309
steve.keller@usdoj.gov

OF COUNSEL:
James Doyle
Henry Guzman
US Environmental Protection Agency
Office of Regional Counsel – Region 2
290 Broadway
New York, NY 10007

CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 17th day of December, 2021, copies of the foregoing were served by United States Postal Service on the following parties at the last-known address of their counsel in this matter:

Michael J. Russo
Assistant Attorney General
State of New York
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202

Counsel for the State of New York

Martin B. Wasser
Phillips Nizer, LLP
485 Lexington Avenue
New York, NY 10017

Counsel for Occidental Chemical Corp.

*s/ Steven A. Keller*
Counsel for the United States